UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID ADAMS and CYNTHIA ADAMS,

    Plaintiffs,

v.                                    Case No:   2:15-cv-620-FtM-38MRM

JAMES E. ALBERTELLI, P.A. and
KATE MUNKITTRICK,

    Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant James E. Albertelli, P.A.'s Motion to Dismiss (Doc. #9) filed on December 3, 2015, in which Defendant Kate Munkittrick joined (Doc. #16). Plaintiffs David and Cynthia Adams filed a Response in Opposition (Doc. #14) on December 24, 2015. The matter is ripe for review.

### **Background**

This is an action alleging improper debt collection activity. In 2006, Plaintiffs David and Cynthia Adams executed a reverse mortgage agreement that was secured by their residence. The terms of the agreement mandated that Plaintiffs continually occupy their residence. Plaintiffs satisfied this condition for nearly a decade. But in 2015, Plaintiffs abandoned their residence and defaulted on the mortgage. The mortgagee then hired Defendant James E. Albertelli, P.A. to initiate a state-court foreclosure action against

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiffs. Defendant Kate Munkittrick was the employee of Defendant James E. Albertelli, P.A. assigned with this task.

In the state-court foreclosure action, Defendants requested, among other relief, that the court retain jurisdiction to enter a deficiency judgment against Plaintiffs. Yet, according to Plaintiffs, the mortgage agreement at issue explicitly provided that Plaintiffs were not personally liable for the underlying debt. So Plaintiffs filed this action alleging that Defendants violated the Fair Debt Collection Practices Act by improperly trying to secure a deficiency judgment when no such right existed.

**Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the Twombly–Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the

2

plaintiff's claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  *Iqbal*, 556 U.S. at 677.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal modifications omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## Discussion

Congress enacted the Federal Debt Collection Practices Act for the purpose of eliminating abusive debt collection practices by debt collectors.  15 U.S.C. § 1692.  The Act defines debt collector as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  § 1692a(6).  Individuals and entities meeting this definition are prohibited from, among other conduct, collecting "any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  § 1692f(1).  They are also prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10), and threatening "to take any action that cannot legally be taken," § 1692e(5).  A debt collector who violates the Act is liable for actual damages; statutory damages up to $1,000; and reasonable attorney's fees and costs.  § 1692k(a)(1)-(3).

Plaintiffs argue Defendants violated the Act by seeking a deficiency judgment in state court when the reverse mortgage agreement at issue explicitly provided that Plaintiffs would not be personally liable for the debt.  Defendants disagree and provide

the Court with four arguments for why this action should be dismissed. The Court will address each argument in turn.

The first argument contends this action should be dismissed because Defendants' conduct in the state-court foreclosure action – i.e., seeking the deficiency judgment – is protected by "the absolute litigation privilege." The Court disagrees. While it is true Florida recognizes an absolute litigation privilege, it is also true that this privilege "is limited to state causes of action and is inapplicable to federal causes of action." *Merrill v. Dyck-O'Neal, Inc.*, 2:15-cv-232-FtM-38MRM, 2015 WL 4496101, *1 (M.D. Fla. July 23, 2015) (citation omitted). Because Plaintiffs assert only federal causes of action, Florida's absolute litigation privilege cannot protect Defendants for their conduct in the state-court foreclosure action.

The second argument contends this action should be dismissed because Plaintiffs' Complaint fails to meet the *Twombly/Iqbal* pleading standard. The Court disagrees. A prima facie FDCPA claim requires three allegations: (1) the plaintiff was the objection of collection activity arising from consumer debt; (2) the defendant is a debt collector, as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). Here, Plaintiffs allege (1) they were the subject of collection activity in the form of the underlying state-court foreclosure action; (2) that action arose from a consumer debt in the form of a mortgage on their residence; (3) Defendants are debt collectors, as defined by the FDCPA; and (4) Defendants violated the FDCPA by "attempting to collect a deficiency judgment . . . when no such rights exist[ed]." (Doc. #1). Clearly, Plaintiffs have alleged prima facie FDCPA claims.

The third argument contends this action should be dismissed because the enforcement of a security interest, such as foreclosing on a mortgage, is not considered debt collection under the FDCPA. The Court disagrees, in part. The Eleventh Circuit has been clear that foreclosure of a security interest, without more, does not qualify as debt collection under the FDCPA. See *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012). Yet communications related to a foreclosure proceeding can serve the dual purpose of both providing notice of the foreclosure and demanding payment on the underlying debt, thereby triggering the protection of the FDCPA. See *Id.* That is precisely what occurred here. Instead of simply trying to enforce the security interest, Defendants also sought to collect on the note through a deficiency judgment. Such conduct undoubtedly constitutes a demand for payment on the underlying debt, and therefore constitutes debt collection activity under the FDCPA. See *id.*; *see also Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1207 (M.D. Fla. 2015) ("[F]oreclosure complaints that ask for a deficiency judgment 'if applicable' constitute debt collection activity under the FDCPA.").

The final argument contends this action should be dismissed because Plaintiffs' claims are compulsory counterclaims barred by *res judicata*, collateral estoppel, and the *Rooker-Feldman* doctrine. Each part of this argument fails. To begin, courts routinely reject the argument that FDCPA claims related to state-court foreclosure actions brought against law firms that were not parties to those actions are compulsory counterclaims. See *Roban v. Marinosci Law Group*, 34 F. Supp. 3d 1252 (S.D. Fla. 2014) (collecting cases). This is because the FDCPA claims (1) are not logically related to the state-court

foreclosure action and (2) would have to be brought as third-party claims in that action, and third-party claims are never compulsory.  See *id.*

The *res judicata* argument fares no better.  Pursuant to Florida law,[2] the doctrine of res judicata provides:

> A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Fla. Dep't of Transp. V. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) (citation omitted).  The Court must therefore consider whether the alleged prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action.  Several of these elements are lacking.  For instance, there is no allegation that there is a final judgment upon which *res judicata* is applicable.  Nor do the state-court foreclosure action and this action share the same causes of action.  The state-court action involved enforcing a security interest and collecting a debt, while this action involves recovering for alleged violations of the FDCPA.  Our sister courts have reached similar conclusions.  See *Roban*, 34 F. Supp. 3d at 1256 ("Roban's FDCPA claims are separate and distinct from the foreclosure lawsuit; therefore *res judicata* does not apply."); *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995), *aff'd*, 66 F.3d 342 (11th Cir. 1995) (rejecting same argument).

---

[2] "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion." *Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011)*).

The claim preclusion and *Rooker-Feldman* doctrine arguments also suffer from a fatal flaw – no final judgment has been rendered in the state-court foreclosure action. The *Rooker-Feldman* doctrine "bars federal district courts from reviewing state court decisions." *Nicholson v. Shafe,* 558 F.3d 1266, 1270 (11th Cir. 2009). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009). It logically follows that for the doctrine to apply, there must be a state-court judgment that Plaintiffs are seeking relief from. That is not the case here. Not only is the state-court foreclosure action still active, but Plaintiffs do not seek relief from that action. Plaintiffs simply want to recover for Defendants' alleged violations of the FDCPA. Likewise, the doctrine of collateral estoppel requires, *inter alia*, that "a final decision has been rendered by a court of competent jurisdiction." *Cmty. Bank of Homestead v. Torcise*, 162 F.3d 1084, 1086 (11th Cir. 1998). Again, no final judgment has been rendered in the state-court foreclosure action. Therefore, claim preclusion and the *Rooker-Feldman* doctrine are inapplicable to this action.

Accordingly, it is now **ORDERED:**

Defendant James E. Albertelli, P.A.'s Motion to Dismiss (Doc. #9), in which Defendant Kate Munkittrick joined (Doc. #16), is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 10th day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record